IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURI NIEDERMAIER, not individually, but as Independent Executor of the Estate of Edward Krajewski, and ELIZABETH KRAJEWSKI, <br><br> Plaintiffs, <br><br> v. <br><br> WARREN ROSEN & CO., INC., THE PERFECTHEALTH INSURANCE CO., REAL BENEFITS ASSOCIATION, LEAGUE OF INTERNATIONAL FEDERATED EMPLOYEES, and ASSOCIATION OF FRANCHISE AND INDEPENDENT DISTRIBUTORS, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. <br><br> JURY TRIAL |

## COMPLAINT

NOW COME the Plaintiffs, LAURI KRAJEWSKI NIEDERMAIER, Independent Executor of the Estate of Edward Krajewski, and ELIZABETH KRAJEWSKI, by their attorneys, and for their Complaint against Defendants, state as follows:

### Parties

1. At all relevant times herein, EDWARD KRAJEWSKI, SR., (a/k/a Edward R. Krajewski) was an individual residing in Cook County, Illinois, and was a citizen of the State of Illinois.

2. Edward Krajewski, Sr. died on May 14, 2007. Lauri Krajewski Niedermaier was appointed Independent Executor of the Estate of Edward R. Krajewski in the Circuit Court of Cook County, Illinois, on July 2, 2007.

3. At all relevant times herein, Plaintiff, ELIZABETH KRAJEWSKI, was married to Edward Krajewski, Sr., was and is an individual residing in Cook County, Illinois, and is a citizen of the State of Illinois.

4. At all relevant times herein, Defendant, WARREN ROSEN & CO., INC., **(WRA)** was an insurance agency incorporated in New York with its principal place of business in New York, New York.

5. At all relevant times herein, Defendant, THE PERFECTHEALTH INSURANCE COMPANY **(PHI)**, was a health insurance carrier with its principal place of business in Staten Island, New York.

6. At all relevant times herein, Defendant, REAL BENEFITS ASSOCIATION **(RBA)**, was a corporation, with its principal place of business in New York, New York.

7. At all relevant times herein, Defendant, LEAGUE OF INTERNATIONAL FEDERATED EMPLOYEES **(LIFE)**, was an organization with its principal place of business in Brooklyn, New York.

8. At all relevant times herein, Defendant, ASSOCIATION OF FRANCHISE AND INDEPENDENT DISTRIBUTORS, LLC **(AFID)**, was a corporation incorporated in Ohio with its principal place of business in Springfield, Ohio.

**Jurisdiction**

9. This Court has jurisdiction under 28 U.S.C. § 1331, as Plaintiff's Complaint involves the denial of benefits under a health insurance policy, which raises a federal question involving the Employee Retirement Income Security Act of 1974 ("ERISA").

10. This Court also has jurisdiction under 29 U.S.C. § 1132 (f) which provides for jurisdiction in this Court for an action by a beneficiary to recover benefits under an ERISA plan.

## COUNT I – Breach of Contract

11. Edward Krajewski, Sr., deceased, had a group plan of health insurance issued by United Healthcare through an insurance agency, **WRA**, from April 1, 2003 through April 1, 2007.

12. The United Healthcare plan was renewed annually, and to be renewed for the policy period beginning April 1, 2007.

13. Upon information and belief, in early 2007, the plan administrator, Defendant, **LIFE**, contacted Defendant, **WRA**, requesting that **WRA** provide United Healthcare with the information required to renew the plaintiff's policy.

14. Upon information and belief, and in breach of its fiduciary duty, Defendant, **WRA**, failed to provide the plan administrator, or United Healthcare with the required information and thereafter Plaintiff's United Healthcare policy was cancelled. (A copy of the letter dated April 9, 2007 to the plaintiff from **LIFE** is marked **Exhibit A** at attached hereto.)

15. On or about April 9, 2007, **WRA** informed Edward Krajewski that the group health insurance with United Healthcare had been terminated, but that **WRA** located another health insurance company to insure the Plaintiff effective April 1, 2007, and that "coverage is guaranteed." (A copy of correspondence dated April 9, 2007 to the plaintiff "member" from **WRA** is marked **Exhibit B** and attached hereto).

16. **WRA** requested that Plaintiff complete enrollment forms and provide payment for an initial premium. Plaintiff provided **WRA** with the enrollment form for the group policy offered through Defendant, **AFID**, and also submitted the first month premium check payable to

6519393v1 65441

**AFID**. Thus, Plaintiff performed the actions and paid the necessary premium for a policy of health insurance coverage for the Plaintiff's family. (A copy of a check dated April 11, 2007 from the plaintiff to **AFID** for medical insurance premium is marked **Exhibit C** and attached hereto.)

17. Plaintiff was issued proof of insurance by Defendant, **PHI** a/k/a Per4mance Health Plan, Family Coverage Member ID 110009631. (A copy of the policy is marked **Exhibit D** and attached hereto.)

18. **AFID** was the plan administrator for the group family health insurance policy issued to the Plaintiff.

19. On or about April 24, 2007, **AFID** confirmed group family medical insurance coverage for Plaintiff through **PHI** and sent the Plaintiffs insurance cards. (A copy of insurance cards for Plaintiffs is marked **Exhibit E** and **Exhibit F** and attached hereto.)

20. On or about May 9, 2007 and May 14, 2007, **PHI** approved in-hospital coverage benefits for the Plaintiff for cardiac treatment and surgery. (A copy of the approval letter is marked **Exhibit G** and **Exhibit H**, respectively, ad attached hereto).

21. In reliance upon the medical group insurance coverage and the approval of in-patient hospital care as determined to be medically appropriate by Health Care Strategies, Inc., an agent of **PHI**, Edward Krajewski was hospitalized at Evanston Hospital and incurred medical expenses.

22. Plaintiff assigned benefits to the healthcare provider which in turn submitted invoices for health care provided to the Plaintiff during the subject hospitalization.

6519393v1 65441

23. On or about June 29, 2007, and after Plaintiff's medical bills were submitted to **PHI**, **PHI** informed **RBA** that it was canceling coverage for the Plaintiff. (A copy of the June 29, 2007 letter is marked **Exhibit I** and is attached hereto).

24. On or about September 12, 2007, **AFID** issued a check to the Plaintiff with a self-serving letter stating, "Per your request to cancel your health benefit plan, please find your refund check enclosed." (A copy of the 9-12-07 letter is marked **Exhibit J** and attached hereto.)

25. At no time did the Plaintiff ever cancel the group family medical insurance.

26. On or about September 17, 2007, **AFID** wrote to Plaintiff that **PHI** was denying coverage and was returning the plaintiff's monthly premiums previously paid by Plaintiff to **PHI**. (A copy of the 9/17/07 letter is marked **Exhibit K** and attached hereto.)

27. Plaintiff has requested payments for medical coverage due under the policy for group medical health coverage. No benefits have been paid.

28. To date, Defendants refuse and continue to refuse to pay Plaintiff's claim.

WHEREFORE, Plaintiffs pray this Court to enter judgment in favor of the Plaintiffs and against the Defendants requiring Defendants to pay the medical coverage for the past treatment of Plaintiff's medical condition from April 1, 2007 forward, plus attorneys' fees, plus costs.

## COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

29. Plaintiffs restate and reallege Paragraphs 1-28 of Count I as Paragraph 29 of Count II as if set forth fully herein.

30. By refusing to pay benefits to the Plaintiff for medical care and by claiming to rescind Plaintiff's policy of insurance after pre approving in-patient cardiac care, Defendants breached the implied covenant of good faith and fair dealing.

6519393v1 65441

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against the Defendants requiring Defendants to pay the medical coverage for the past treatment of Plaintiff's medical condition from April 1, 2007 forward, plus attorneys' fees, plus costs.

## COUNT III
### Intentional Infliction of Emotional Distress

31. Plaintiffs restate and reallege Paragraphs 1-28 of Count I as Paragraph 31 of Count III as if set forth fully herein.

32. Plaintiff, Elizabeth Krajewski, reasonably expected that Mr. Krajewski was insured upon the representations of **PHI** and its various agents as of April 1, 2007 and upon the payments of monthly premiums and issuance of insurance cards.

33. Defendants' denial of benefits and attempt to rescind healthcare insurance after pre approving in-patient cardiac treatment was extreme and outrageous conduct.

34. The actions of the Defendants were intentional or reckless in that Defendants knew or reasonably should have known that there was a high probability that their conduct would cause severe emotional distress to Elizabeth.

35. Plaintiff suffered severe emotional distress as a direct and proximate result of Defendants' actions.

WHEREFORE, Plaintiff, ELIZABETH KRAJEWSKI prays this Court to enter judgment in her favor and against the Defendants each in an amount exceeding $75,000 plus her costs herein expended, and for such further relief as the Court deems just.

## COUNT IV
### Promissory Estoppel

36. Plaintiffs restate and reallege Paragraphs 1-28 of Count I as Paragraph 36 of Count IV as if set forth fully herein.

6519393v1 65441

37. Defendant issued group family health insurance coverage effective April 1, 2007.

38. It was reasonably foreseeable that Plaintiffs would rely upon the issuance of the group family health insurance coverage.

39. Plaintiffs did reasonably rely upon Defendants' issuance of group family health insurance coverage.

40. Plaintiffs would suffer severe injustice and inequitable pecuniary loss if Defendants' promise of group family health insurance coverage is not honored.

41. Defendants breached said promise by refusing to pay benefits due under the group family health insurance coverage policy after having accepted monthly premiums, the policy and proof of insurance and insurance cards.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against the Defendants requiring Defendants to pay the medical expenses for the past treatment to Edward Krajewski and past and future expenses for the family coverage by health providers from April 1, 2007 forward, plus attorneys' fees, plus costs.

## COUNT V
### Declaratory Judgment

42. Plaintiffs restate and reallege Paragraphs 1-28 of Count I as Paragraph 42 of Count V as if set forth fully herein.

43. Defendant **PHI** claims it rescinded its policy of group family health insurance coverage for Plaintiff's family coverage.

44. Defendants claim there is no effective health insurance policy.

45. Plaintiffs claim that the policy was effective on April 1, 2007, the date of issuance, and continues to be effective due to Plaintiff paying the necessary premiums until the Defendants attempted to rescind the policy and return the previously paid premiums.

46. Plaintiffs relied upon the representations of the Defendants in obtaining and procuring the coverage as promised effective April 1, 2007.

47. The parties are in dispute as to whether group family health insurance coverage exists for the Plaintiffs and Plaintiffs' family.

WHEREFORE, Plaintiffs pray this Honorable Court for the entry of a judgment declaring the existence of a group family health insurance policy for Plaintiffs and Plaintiffs' family's coverage for healthcare and requiring Defendants to pay the benefits required therein.

### COUNT VI – Illinois Deceptive Business Practice Act

48. Plaintiffs restate and reallege Paragraphs 1-28 of Count I as Paragraph 48 of Count VI as if set forth fully herein.

49. The actions of the Defendants were deceptive.

50. Defendants intended that the Plaintiffs rely on the deception.

51. Defendants' deceptive practice occurred in the course of conduct involving trade or commerce.

52. Defendants' deceptive practice proximately caused Plaintiffs' damages, including medical expenses and charges which should have been paid by or through Defendants.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against the Defendants requiring Defendants to pay the medical coverage for the past treatment of Plaintiff's medical condition from April 1, 2007 forward, plus attorneys' fees, plus costs.

### COUNT VII
### Professional Negligence

53. Plaintiffs restate and reallege Paragraphs 1-28 of Count I as Paragraph 53 of Count IV as if set forth fully herein.

6519393v1 65441

54. Pleading in the alternative, Defendants had a duty to insure that Edward Krajewski's group family health insurance continued uninterrupted, and to procure group family health insurance for the Plaintiff in a timely and professional manner.

55. Defendants breached their duty in failing to provide uninterrupted group family health insurance and in failing to procure group family health insurance in a timely and professional manner as set forth above.

56. As a result of Defendants' breach, Plaintiffs suffered pecuniary damages in the past and continuing to the present, including but not limited to, medical expenses for Edward Krajewski's medical condition and additional replacement group family health insurance costs.

WHEREFORE, Plaintiffs pray this Court to enter judgment in their favor and against the Defendants requiring Defendants to pay the medical expenses for the past treatment to Edward Krajewski and past and future expenses for the family coverage by health providers from April 1, 2007 forward, plus attorneys' fees, plus costs.

Respectfully submitted,

LAURI NIEDERMAIER, not individually, but as Independent Executor of the Estate of Edward R. Krajewski, and
ELIZABETH KRAJEWSKI, individually

By: ___s/Peter M. King___
One of their attorneys

Peter M. King, Esq.
Stephen A. Frost, Esq.
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
312-704-3000 Phone
312-704-3001 Fax
Atty. No. 06190045